Gregory J. Kamer     #0270
Edwin A. Keller, Jr.   #6013
Dare E. Heisterman    #14060
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646
Email: gkamer@kzalaw.com
       ekeller@kzalaw.com
       jflorence@kzalaw.com
       dheisterman@kzalaw.com

Attorneys for Respondent
Bombard Mechanical, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING & PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, LOCAL 525, LAS VEGAS, NEVADA AFL-CIO,<br><br>Petitioner,<br><br>vs.<br><br>BOMBARD MECHANICAL, LLC, a Nevada Limited Liability Company, and DOES I-V, ROES VI-X,<br><br>Respondents. | Case No. 2:19-cv-00431-JAD-CWH<br><br>**STIPULATED JOINT DISCOVERY PLAN, SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LOCAL RULE 26-1(b) AND REQUEST TO STAY DISCOVERY**<br><br>(***Special Scheduling Review Requested***) |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26 and Local Rule 26-1, the parties submit the following proposed Joint Discovery Plan and Scheduling Order, which contains a request to stay discovery until after the Court rules on Petitioner's Motion to Compel Arbitration, which is currently due on or before July 20, 2019. See Court's Order of 5/21/19 (ECF No. 13).

/ / /

1. **Initial Matters:**

   A. **Meeting:** Pursuant to FRCP 26(f), the parties, by and through their respective counsel, conferred telephonically on June 6, 2019. Eric Dobberstein and Francis Morton represented Petitioner, and Gregory Kamer, Edwin Keller, and Dare Heisterman represented Respondents.

   B. **Statement for Reasons Different Discovery Time Period:** Pursuant to LR 26-1(a), the parties assert that the unique procedural and substantive issues involved in this case warrant a temporary stay of discovery to preserve client resources and to avoid engaging in potentially unnecessary discovery. By way of a brief summary, Petitioner filed this action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the United States Arbitration Act, 9 U.S.C. § 4, seeking to compel arbitration of a union grievance against Respondent pursuant to a collective bargaining agreement ("CBA") between the parties pertaining to computer assisted drawing ("CAD) work and, concerning, in part, whether Respondent: (1) failed to secure workers in accordance with the CBA; (2) failed to pay employees performing covered work in accordance with the CBA, and (3) subcontracted covered work to non-signatory employers who failed to abide by the terms and conditions of the CBA. See Petition to Compel Arbitration ("Petition") (ECF No. 1) at 3, 5 & Exhibit 2 thereto. Respondent answered the Petition and asserted two counter claims. See Answer to Petition, Counter Claims and Jury Demand ("Answer") (ECF No. 9). In its Answer and Counter Claims, Respondent contends, among other things, that Petitioner's grievance is: not subject to arbitration as it: (1) involves unfair labor practices charges filed by Respondent, dismissed by the Regional Director of the National Labor Relations Board for Region 28, and pending appeal by Respondent before the National Labor Relations Board General Counsel's Office of Appeals, which warrants at least a stay of the matter pending a ruling on Petitioner's Motion to Compel; (2) is part of a course of conduct made unlawful under Section 8(b)(4) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(b)(4) and remediable by a private right of action under Section 303 of the

LMRA, 29 U.S.C. § 187; and (3) violates Petitioner's contractual obligations associated with an October 28, 2013 decision of the Industrial Relations Council for the Plumbing and Pipefitting Industry denying the Petitioner's request to add CAD work to Article II, Section 2.2 of the CBA, which are subject to enforcement by a court of competent jurisdiction. Id. at 2-5, 10-14 & Exhibits 3-4 thereto.

The parties submit that under FRCP 26(c), a district court may stay discovery "for good cause shown" with the power to stay proceedings being incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The Court has already set a deadline of July 20, 2019 for the Petitioner to file a Motion to Compel Arbitration, which it intends to do. See Court's Order of 5/21/19 (ECF No. 13). Respondent estimates needing 30 days to respond to said Motion with the Petitioner requiring 21 days to submit its reply. Thus, the parties believe the Motion would be fully briefed by September 10, 2019.

Petitioner believes a ruling in its favor on the Motion to Compel Arbitration is potentially dispositive of most, if not all, of the issues in this matter and can be decided without additional discovery. While Respondent does not agree with Petitioner's position, it contends that the unfair labor practices pending before the National Labor Relations Board's Office of Appeals is a separate basis warranting a stay of the matter.[1] Thus, for differing reasons, both parties concur that the results of the Court's ruling on the upcoming Motion to Compel Arbitration will have a significant impact on the need for and scope of discovery, such that a stay of discovery until the Court rules on said

---

[1] N. California Dist. Council of Hod Carriers, Bldg. & Const. Laborers, AFL-CIO v. Opinski, 673 F.2d 1074, 1075 (9th Cir. 1982)(holding that where union has filed suit in district court on collective bargaining agreement claim which is closely related to unfair labor practice charge employer has already presented to NLRB, district court must exercise its discretion to determine whether proceedings should be stayed until final disposition of the NLRB proceeding).

Motion will preserve client resources, avoid engaging in potentially unnecessary discovery, and is consistent with the objectives of FRCP 1 to ensure a just, speedy, and inexpensive determination of every action.

Thus, the parties have agreed and seek the Court's permission to stay the start of discovery until after the Petitioner's Motion to Compel Arbitration is filed, briefed, and ruled upon by the Court with the parties committing to submit an updated Joint Discovery Plan and Scheduling Order within 7 days after the Court issues its Order on Petitioner's Motion to Compel Arbitration setting forth the specific dates for discovery deadlines proposed herein for the Court's approval.

**C.** **Certification as to Alternative Dispute Resolution:** The parties certify they discussed the possibility of resolution of this case generally, and through means of alternative dispute resolution. They believe an early neutral evaluation of this matter could be beneficial but note this matter does not fall under one or more of the statutes listed in LR 16-6.

**D.** **Certification as to Alternative Forms of Case Disposition:** The parties certify they have discussed consent to trial by magistrate judge and use of the short trial program. While the parties are not in support of using the short trial program, they are open to exploring a trial by a magistrate judge and agree to revisit the issue at a later point in the case. Pursuant to LR IB 2-2(c), (d), the parties reserve the right to consent to a trial by a magistrate judge up to the date of trial.

**E.** **Other Discovery Issues:** Pursuant to FRCP 26(f)(3)(C) & (F), the parties recognize the need for a protective order pertaining to Respondent's proprietary, confidential or otherwise sensitive business documents, as well as personnel and pay records, that may be requested during discovery. The parties shall further confer in an effort to stipulate to the terms of such a protective order for the Court's review and approval.

**2.** **Initial Disclosures:** Pursuant to FRCP 26(a)(1), the parties shall serve initial disclosures on or before June 20, 2019.

3. **Areas of Discovery:** The parties agree that the areas of discovery should include, but not be limited to, all claims and defenses allowed pursuant to the FRCP. Other than staying the start of discovery until after the Court has ruled on Petitioner's Motion to Compel Arbitration, currently due on or before July 20, 2019, the parties do not foresee a need to conduct discovery in phases.

4. **Discovery Deadlines:** Local Rule 26-1(b) provides that "unless the court orders otherwise, discovery periods longer than one hundred and eighty (180) days from the date the first defendant answers or appears will require special scheduling review." The parties presently anticipate that 180 days should be sufficient for conducting discovery, but for the reasons set forth in Section 1. A. above, and in an effort to preserve client resources and to avoid engaging in potentially unnecessary discovery, the parties have agreed to request a stay of the start of discovery until after Petitioner's Motion to Compel Arbitration is filed, briefed, and ruled upon by this Court. Therefore, the parties request a special scheduling review. Based upon the foregoing, the parties are proposing the following schedule:

A. **Discover Cut-Off Date**: The parties propose discovery should commence the day after this Court rules on Petitioner's Motion to Compel Arbitration. Therefore, the parties propose a deadline of 180 days after the date this Court issues its Order on Petitioner's Motion to Compel Arbitration.

B. **Amending Pleadings or Adding Parties**: The parties propose a deadline to file motions to add parties or amend pleadings of 90 days before the discovery deadline proposed in Section 4. A. above.

C. **Expert Disclosures:** The parties propose a deadline for expert disclosures of 60 days before the discovery deadline proposed in Section 4. A. above.

D. **Rebuttal Expert Disclosures:** The parties propose a deadline for rebuttal-expert disclosures of 30 days before the discovery deadline proposed in Section 4. A. above.

**E. Interim Status Report:** The parties propose a deadline to file an interim status report of 60 days before the discovery deadline proposed in Section 4. A. above.

**F. Dispositive Motions:** The parties propose a dispositive motion deadline of 30 days after the discovery deadline proposed in Section 4. A. above.

**G. Pre-Trial Order:** The parties propose a deadline for the joint pretrial order of 30 days after the dispositive motion deadline proposed in Section 4. F. above.[2]

**5. Court Conference:** If the Court has questions regarding the discovery process proposed by the parties, the parties request an opportunity for a conference with the Court before entry of a Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

**6. Extension or Modifications of Discovery Dates:** Local Rule 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. According to the rule, "[a] motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than twenty-one (21) days before the expiration of the subject deadline."

**7. Format of Discovery:** Pursuant to the electronic discovery amendments to the FRCP effective December 1, 2006, the parties addressed e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

The parties further certify pursuant to Local Rule 26-1(b) that they discussed the potential submission of electronic evidence to the jury. The parties agreed to consider its use and discuss details of its use closer to a trial date.

---

[2] In the event either party files a dispositive motion, the requirement to file a pre-trial order shall be suspended until 30 days after a decision on the motion or until further notice from this Court.

8. **Discovery Disputes:** All discovery disputes in this case shall be governed by the provisions of Local Rule 26-7. The parties agree to employ good faith efforts to resolve all discovery disputes prior to seeking intervention by the Court.

9. **FRCP 26(a)(3) Disclosures:** Disclosures required by FRCP 26(a)(3) and objection thereto shall be included in the pretrial order.

DATED this 18th day of June 2019.

| DOBBERSTEIN LAW GROUP | KAMER ZUCKER ABBOTT |
|---|---|
| By: /s/ *Francis J. Morton* <br> Eric Dobberstein, Esq. #3712 <br> Rhonda Long, Esq. #10921 <br> Dobberstein Law Group <br> 9480 South Eastern Avenue, Suite 244 <br> Las Vegas, Nevada 89123 <br><br> Francis J. Morton, Esq. #2380 <br> 760 North Lamb Boulevard <br> Las Vegas, Nevada 89110 <br><br> Attorneys for Petitioner <br> United Association of Journeymen and Apprentices of The Plumbing & Pipe Fitting Industry of The United States and Canada, Local 525, Las Vegas, Nevada AFL-CIO | By: /s/ *Edwin A. Keller, Jr.* <br> Gregory J. Kamer #0270 <br> Edwin A. Keller, Jr. #6013 <br> Jody M. Florence #6645 <br> Dare E. Heisterman #14060 <br> 3000 West Charleston Boulevard, Suite 3 <br> Las Vegas, Nevada 89102 <br> Tel: (702) 259-8640 <br> Fax: (702) 259-8646 <br><br> Attorneys for Respondent <br> Bombard Mechanical, LLC |

IT IS ORDERED that the parties' stipulation to stay discovery (ECF No. 20) pending the outcome of petitioner's motion to compel arbitration is GRANTED. If the motion to compel arbitration is denied, the parties must meet and confer and file a proposed discovery plan with dates certain. The proposed discovery plan must be filed within 21 days from the court's order on the motion to compel arbitration.

DATED: June 20, 2019

_____
**UNITED STATES MAGISTRATE JUDGE**