UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

United Association of Journeymen and Apprentices of the Plumbing & Pipe Fitting Industry of the United States and Canada, Local 525 Las Vegas, Nevada AFL-CIO,

Plaintiff

v.

Bombard Mechanical, LLC,

Defendant

Case No.: 2:19-cv-00431-JAD-DJA

**Order Granting Motion to Compel Arbitration & Staying Case**

[ECF No. 22]

Plaintiff United Association of Journeymen and Apprentices of the Plumbing & Pipe Fitting Industry of the United States and Canada, Local 525 Las Vegas, Nevada AFL-CIO (Local 525) moves to compel arbitration with defendant Bombard Mechanical, LLC under the Master Labor Agreement (MLA) between Local 525 and Bombard's employer association, the Mechanical Contractors Association of Las Vegas (MCA). Bombard argues that because the parties previously submitted the subject of the dispute—Computer Assisted Drawing (CAD)—for a binding decision and CAD is not covered by the MLA, the parties did not stipulate to arbitrate it. But because the MLA's broad arbitration clause encompasses all disputes between Local 525 and Bombard, and the sole exception for jurisdictional disputes does not apply, I grant Local 525's motion to compel arbitration and stay this action pending arbitration.

## Background

Local 525 is a labor organization that represents Bombard's employees. Local 525, MCA, and Bombard are parties to an MLA effective October 1, 2016, through September 30,

2020.[1] The MLA includes a grievance and arbitration procedure that requires submission of a grievance, referral to a Joint Labor Management Board, mediation, and binding arbitration.[2] The procedure applies to "[a]ny dispute (excluding jurisdictional disputes) arising during the term of this Agreement as to the rights and obligations of the Union, employees, or employers."[3]

Local 525, MCA, and Bombard have a long-running dispute about whether the MLA applies to CAD work. In 2011, Local 525's national organization declared that "computer aided drafting and/or hand detail drawing for plumbing" fell under its jurisdiction.[4] During 2013 MLA negotiations, Local 525 included coverage of CAD work in its final offer.[5] Local 525 and the MCA then submitted their final offers to the Industrial Relations Council for the Plumbing and Pipe Fitting Industry (IRC) for a binding decision.[6] The IRC ultimately denied Local 525's "request to add CAD language."[7]

Undeterred, Local 525 submitted a grievance complaining that Bombard violated the MLA by, among other things, sub-contracting CAD work to a non-union contractor.[8] The MCA and Bombard responded by refusing to participate in the grievance process and stating that Local 525's grievance violated federal law.[9] The dispute instead moved to the National Labor

---

[1] ECF No. 22-1.
[2] *Id. a*t 13.
[3] *Id.*
[4] ECF No. 22-5.
[5] ECF No. 26-7 at 38.
[6] *Id.* at 68.
[7] ECF No. 26-3 at 17.
[8] ECF No. 22-2.
[9] ECF No. 22-3.

Relations Board (NLRB), where Bombard and Local 525 lodged charges against each other.[10] Local 525 withdrew its charges.[11] The NLRB denied Bombard's charges, reasoning that Bombard had used Local 525 members to perform CAD work substantially related to Local 525's work "clearly encompassed by the MLA."[12] The NLRB further found that "the evidence is insufficient to establish that" (1) Local 525 "clearly and unmistakably waived its right to seek the inclusion of CAD work in the MLA" and (2) Local 525 "did not have a legitimate work preservation claim related to CAD Work . . . ."[13] Bombard requested reconsideration after denial of its appeal, but the NLRB denied the request after Bombard filed its opposition to Local 525's motion in this proceeding.[14]

While the NLRB proceedings were ongoing, Local 525 filed this action to compel Bombard to arbitrate the CAD-dispute.[15] Bombard filed counterclaims.[16] Local 525 now moves to compel arbitration and stay Bombard's counterclaims.[17] Bombard opposes and requests a stay pending the proceedings before the NLRB.[18] I deny Bombard's request for a stay as moot because the NLRB denied its request for reconsideration.[19] I grant Local 525's motion to compel arbitration and stay this action because this dispute is arbitrable.

---

[10] ECF No. 22 at 7.
[11] *Id.*
[12] ECF No. 22-7 at 3.
[13] *Id.*
[14] ECF No. 27-3.
[15] ECF No. 1.
[16] ECF No. 14.
[17] ECF No. 22.
[18] ECF No. 26.
[19] ECF No. 27-3.

**Discussion**

## I. Availability of summary procedures

Under the heading "preliminary matters," Bombard argues that the Federal Arbitration Act's (FAA) summary procedures are not available in an action by a labor organization to enforce an arbitration agreement.[20] Local 525 responds that the court has jurisdiction under Section 301 of the Labor Management Relations Act (LMRA).[21] And as the United States Supreme Court noted in *United Paperworkers International Union, AFL–CIO v. Misco, Inc.*, "the federal courts have often looked to the [FAA] for guidance in labor arbitration cases, especially in the wake of the holding that § 301 of the [LMRA] empowers the federal courts to fashion rules of federal common law to govern suits for violation of contracts between an employer and a labor organization under the federal labor laws."[22] Courts routinely utilize summary procedures in adjudicating labor organizations' actions to compel arbitration,[23] and I do the same here.

## II. Arbitrability of the CAD dispute

"The cardinal precept of arbitration is that it is 'simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have

---

[20] ECF No. 26 at 2–3.

[21] 29 U.S.C. § 185.

[22] *United Paperworkers Intern. Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 41 n.9 (1987) (quotations and citations omitted).

[23] *See, e.g.*, *Int'l All. of Theatrical Stage Employee & Moving Picture Technicians Artists, & Allied Crafts of the United States, It's Trusteed Local 720 Las Vegas, Nevada v. InSync Show Prods., Inc.*, 801 F.3d 1033, 1041 (9th Cir. 2015) (reviewing district court's order granting labor organization's petition to compel arbitration); *Federal Serv. Employees Int'l Union, Local 1021 v. Private Indus. Council of Solano Cty., Inc.*, No. CIV. 2:13-01670 WBS, 2013 WL 5569990 (E.D. Cal. Oct. 9, 2013); *Writers Guild of Am. W., Inc. v. Double Life Prods., Inc.*, No. CV 08-5278 FMC (RCX), 2008 WL 11338216 (C.D. Cal. Oct. 16, 2008).

agreed to submit to arbitration.'"²⁴ "'[W]hether a collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance' . . . is a question for judicial determination unless the parties 'clearly and unmistakably provide otherwise.'"²⁵ "In disputes involving a collective bargaining agreement with arbitration provisions, the arbitrability inquiry begins with a presumption of arbitrability."²⁶ "This means that disputes involving the agreement's substantive provisions must be arbitrated 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'"²⁷

Bombard relies on the United States Supreme Court's decision in *Granite Rock Co. v. International Brotherhood of Teamsters* throughout its brief.²⁸ In *Granite Rock*, the Supreme Court "reemphasize[d]" that a "court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute,"²⁹ clarifying that the presumption of arbitrability applies "only where a validly formed and enforceable arbitration agreement is ambiguous about whether it covers the dispute at hand."³⁰ The Court held that the issue of when the collective bargaining agreement containing the arbitration clause was formed is for the trial court to decide.³¹ The Court further reasoned that the formation dispute did not

---

²⁴ *Local Joint Exec. Bd. v. Mirage Casino-Hotel, Inc.*, 911 F.3d 588, 595 (9th Cir. 2018) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. at 938, 943 (1995)).
²⁵ *Id.* at 595–96 (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).
²⁶ *Id.* (citing *AT&T Techs.*, 475 U.S. at 650).
²⁷ *Id.* (quoting *AT&T Techs.*, 475 U.S. at 650).
²⁸ *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287 (2010).
²⁹ *Id.* at 297.
³⁰ *Id.* at 301.
³¹ *Id.* at 305.

fall under the arbitration provision because it applied only to disputes "arising under" the collective bargaining agreement.[32]

Bombard argues that the presumption of arbitrability should not apply because the parties previously resorted to the IRC to settle the CAD dispute, showing a lack of intent to arbitrate. But the arbitration clause at issue here broadly applies to "[a]ny dispute (excluding jurisdictional disputes) *arising during* the term of [the MLA] as to the rights and obligations of [Local 525], employees, or employers."[33] Unlike in *Granite Rock*, the arbitration clause is not limited to disputes arising under the collective bargaining agreement. Rather, the parties agreed to grieve and arbitrate any dispute arising during the term of the MLA, whether or not it arises under the MLA and whether or not it had previously been the subject of binding resolution before the IRC.[34] And neither party disputes that the arbitration clause is valid and enforceable, so *Granite Rock's* narrow holding does not apply. Instead, there is ambiguity about whether the clause covers the dispute at hand. These are precisely the circumstances in which the presumption applies, so I apply it here.

Bombard also argues that the CAD dispute is a "jurisdictional dispute" excepted from the arbitration provision. But the MLA separately provides that "settlement of jurisdictional disputes with other [b]uilding [t]rades organizations shall be adjusted in accordance with the Plan for Settlement of Jurisdictional Disputes in the construction industry," suggesting that the arbitration clause only excepts jurisdictional disputes between competing unions.[35] And in the

---

[32] *Id.* at 307.

[33] ECF No. 22-1 at 13 (emphasis added).

[34] The parties devote much of their briefs to whether or not CAD work is covered by the MLA. I need not, and do not, resolve this issue because the arbitration clause broadly applies to any dispute arising *during* the term of the MLA. *See id.*

[35] ECF No. 22-1 at 5.

6

labor context, "jurisdictional dispute" refers to such inter-union disputes.[36] Even if "jurisdictional dispute" also refers to disputes like the one at issue in this case, Local 525 is entitled to a presumption of arbitrability. The CAD is arbitrable under that presumption because the arbitration clause and its sole exception for "jurisdictional disputes" is certainly susceptible to an interpretation that covers the dispute.[37]

Finally, Bombard contends that an order compelling arbitration would "vitiate" the MLA's grievance and arbitration procedure, which requires Joint Labor Management Board proceedings and mediation before arbitration.[38] I need not, and do not, resolve this issue because it is a "procedural question" that should be decided by the arbitrator.[39] I thus grant Local 525's motion to compel arbitration.

## III. Stay pending arbitration

Local 525 requests a stay of this action pending arbitration.[40] Bombard offers no response to the stay request.[41] Federal courts may stay cases pending resolution of separate proceedings under their inherent power to control their own docket.[42] Additionally, "[t]he

---

[36] *See, e.g., Recon Refractory & Const. Inc. v. N.L.R.B.*, 424 F.3d 980, 988 (9th Cir. 2005).

[37] Additionally, interpreting "jurisdictional dispute" to encompass disputes about whether work is subject to the MLA could swallow the arbitration clause, as Bombard could avoid the grievance and arbitration procedure by unilaterally asserting that work within Local 525's bailiwick is not covered by the MLA.

[38] ECF No. 26 at 2.

[39] *See Hosp. & Inst. Workers Union Local 250 v. Marshal Hale Mem'l Hosp.*, 647 F.2d 38, 41 (9th Cir. 1981) (disputes regarding "alleged non-compliance with a similar multiple-step [grievance] procedure . . . should be resolved by the arbitrator") (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 555–59 (1964)).

[40] ECF No. 22 at 15; ECF No. 27 at 12.

[41] Bombard responds only that the court should not compel arbitration. ECF No. 26 at 14.

[42] *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the

7

failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."[43]  I grant Local 525's request because arbitration of the CAD dispute may resolve this action or a significant portion of it and because I construe Bombard's failure to oppose the stay request as its consent to granting it.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Local 525's motion to compel arbitration **[ECF No. 22] is GRANTED**.  The parties are ordered to arbitrate the CAD dispute in accordance with MLA procedures.  This action is **STAYED** for all purposes pending arbitration.

Dated: April 14, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.  This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

[43] L.R. 7-2(d).